UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES BARRAL and STEPHANIE BARRAL, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. |
| CONN APPLIANCES, INC. d/b/a Conn's Home Plus, | § § § § | |
| Defendant. | § § | |

**COMPLAINT**

JAMES BARRAL and STEPHANIE BARRAL (collectively "Plaintiffs"), through their attorneys, alleges the following against CONN APPLIANCES, INC. d/b/a Conn's Home Plus ("Defendant"):

**Nature of the Action**

1. Plaintiffs bring this action pursuant the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392.001 e*t seq*.

**Jurisdiction and Venue**

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227.

3. 28 U.S.C. § 1367 grants supplemental jurisdiction over the claims arising under the TDCA.

4. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiffs reside within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

**Parties**

5. James Barral is a natural person residing in Kaufman County in Forney, Texas, and is otherwise *sui juris*.

6. Stephanie Barral is a natural person residing in Kaufman County in Forney, Texas, and is otherwise *sui juris*

7. Plaintiffs are a "consumers" as defined by Tex. Fin. Code § 392.001.

8. Defendant is a business entity with a business office located in Woodland, Texas and conducting business in the State of Texas.

9. Defendant is a "debt collector" as defined by Tex. Fin. Code § 392.001.

10. At all times relevant to this Complaint, Defendant has acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**Factual Allegations**

11. Defendant placed telephone calls to Plaintiffs in connection with its attempts to collect payments for purchases made on credit issued by Defendant which were allegedly past due.

12. These purchases were for personal, family, and/or household purposes and were consumer transactions.

13. In connection with its attempts to collect payments for the alleged passed due account, Defendant placed collection calls to Plaintiffs' cellular telephones.

14. Defendant placed collection calls from various telephone numbers including, but not limited to, (469) 899-9408, (469) 899-9438, (469) 899-9588 and (469) 661-0638.

15. Upon information and good faith belief, based on the frequency, nature, number, character, these collection calls were placed with an automatic telephone dialing system and/or an artificial or prerecorded voice.

16. These collection calls were not for emergency purposes.

17. Defendant never received Plaintiffs' prior express consent to call her cell phone using an automatic telephone dialing system or an artificial or prerecorded voice.

18. On or about November 21, 2019, James Barral spoke with one of Defendant's employees.

19. After identifying himself, James Barral instructed Defendant to stop calling his cell phone, telephone number (214) 697-xxxx.

20. Defendant acknowledged James Barral's instruction and stated it would remove his number.

21. Despite the aforementioned, Defendant continued to use an automatic telephone dialing system and/or an artificial or prerecorded voice to place collection calls to James Barral's cellular telephone.

22. Between November 22, 2019 and April 13, 2020, Defendant called James Barral's cell phone nine hundred three (903) times.

23. On or about November 21, 2019, Stephanie Barral spoke with one of Defendant's employees.

24. After identifying herself, Stephanie Barral instructed Defendant to stop calling her cell phone, telephone number (214) 394-xxxx.

25. Defendant acknowledged Stephanie Barral's instruction and represented that the calls would stop.

26. Despite the aforementioned, Defendant continued to use an automatic telephone dialing system and/or an artificial or prerecorded voice to place collection calls to Stephanie Barral's cellular telephone.

27. Between November 25, 2019 and April 13, 2020, Defendant called Stephanie Barral's cell phone one hundred sixty (160) times.

28. Since November 21, 2019, Defendant placed at least one thousand sixty-three (1,063) collection calls to Plaintiffs' cell phones.

29. Defendant often placed as many as twenty (20) collection calls to Plaintiffs' cell phones in a single day.

30. Defendant used an automatic telephone dialing system and/or an artificial or prerecorded voice to place these collection calls.

31. Defendant did not have Plaintiffs' express consent to use an automatic telephone dialing system and/or an artificial or prerecorded voice to place these collection calls.

32. Defendant knew that it did not have Plaintiffs' express consent to use an automatic telephone dialing system and/or an artificial or prerecorded voice to place these collection calls.

33. Defendant voluntarily, knowingly, and/or willfully placed these collection calls

34. Plaintiffs felt annoyed and harassed by Defendant's repeated collection calls to her cell phone which continued despite her clear request to Defendant to stop placing these collection calls.

### FIRST CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act

35. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-34.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq*.

37. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

38. Plaintiffs are also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## Knowing / Willful Violations of the Telephone Consumer Protection Act

39. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-34.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq*.

41. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiffs are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

42. Plaintiffs are also entitled to seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
## Violation of the Texas Debt Collection Act

43. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-34.

44. The TDCA states that "[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by […] (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number." Tex. Fin. Code § 392.302

45. The TDCPA also states that:

(a) A person may sue for:

(1) injunctive relief to prevent or restrain a violation of this chapter; and

(2) actual damages sustained as a result of a violation of this chapter.

(b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonably related to the amount of work performed and costs.

Tex. Fin. Code § 392.403.

46. Defendant engaged in harassment with respect to its telephone collection conduct directed against Plaintiffs by causing their cell phones to ring repeatedly and continuously, and making repeated and continuous telephone calls with intent to harass Plaintiffs into making payments to Defendant.

47. Plaintiffs suffered actual damages as a direct and proximate result of Defendant's collection calls.

**Prayer For Relief**

WHEREFORE, Plaintiffs, JAMES BARRAL and STEPHANIE BARRAL, respectfully request judgment to be entered against Defendant, CONN APPLIANCES, INC. d/b/a Conn's Home Plus, for the following:

48. Statutory damages of $500.00 for each and every one of the negligent violations of the TCPA;

49. Statutory damages of $1,500.00 for each and knowing and/or willful violation of TCPA;

50. Actual damages to be determined at trial for the underlying violations of the TDCA;

51. Cost and reasonable attorneys' fees pursuant to the TDCA;

52. Any other relief that this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

53. Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted,

Dated: June 4, 2020

/s/ Adam T. Hill
Adam T. Hill
The Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front Street, Suite 201
Temecula, CA 92880
T: (657) 236-92590
F: (602) 857-8207
AdamH@jlohman.com

Attorneys for Plaintiffs,
JAMES BARRAL and
STEPHANIE BARRAL